**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMARIS MAYBELLI ESPINO
ALARCON; et al.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2180

Agency Nos.
A220-501-767
A220-152-446

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025[**]

Before: GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Damaris Maybelli Espino Alarcon and her minor son, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the BIA's legal determinations, including whether the BIA applied the correct legal standard. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to show they were or would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Because petitioners failed to show any nexus to a protected ground, petitioners also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017).

The agency did not err in its application of the nexus standards for petitioners' asylum and withholding of removal claims. *See id.* at 360 ("a reason" nexus standard applicable to withholding of removal is less demanding than the

"one central reason" standard for asylum).

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if they returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (no likelihood of torture).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**